UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BERINGER,

   Plaintiff,

v.

PEOPLE OF THE UNITED STATES OF AMERICA, *et al*,

   Defendants.

Case No. C04-5708FDB

REPORT AND RECOMMENDATION

Noted for May 20, 2005

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's motion to dismiss his civil rights complaint (Dkt. #11) and motion for voluntary dismissal and motion for reconsideration (Dkt. #16) of the court's April 4, 2005 order to show cause (Dkt. #15). For the reasons set forth below, the undersigned recommends plaintiff's complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41.

DISCUSSION

Under Fed. R. Civ. P. 41, plaintiff has the right to voluntarily dismiss his case without order of the Court when no answer or motion for summary judgment has been filed by an adverse party. Fed. R. Civ. P. 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment. Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D.

REPORT AND RECOMMENDATION
Page - 1

1 Mississippi, 1992).  Procedurally in this case, defendants have not yet been served with the complaint.

2 Accordingly, pursuant to Fed. R. Civ. P. 41(a)(1), plaintiff is entitled to voluntarily dismiss this case.

3 In his motion to dismiss his civil rights complaint (Dkt. #12), plaintiff also requested that he be

4 reimbursed the $150.00 court filing fee he previously paid.  On April 4, 2005, the court issued an order

5 to show cause, explaining that although plaintiff had the right to voluntarily dismiss this case at this

6 stage of the proceedings, he did not have the right to reimbursement of the court filing fee. (Dkt. #15).

7 The court further explained that payment of the filing fee or the filing of a proper application to

8 proceed *in forma pauperis* was required to <u>initiate</u> a civil case in federal court, and that therefore

9 plaintiff was not entitled to reimbursement of the court filing fee merely because the outcome of the

10 case does not go his way or because he voluntarily chooses to dismiss it.

11 Because it was not clear whether plaintiff still desired to voluntarily dismiss this case in light of

12 the fact that he was not entitled to reimbursement of the court filing fee, the court directed him to notify

13 the court by no later than May 4, 2005, as to whether he still wished to voluntarily dismiss this case

14 pursuant to Fed. R. Civ. P. 41.  On April 18, 2005, plaintiff responded to the court's order to show

15 cause by filing his motion for voluntary dismissal and motion for reconsideration of the court's findings

16 regarding reimbursement of the court filing fee. (Dkt. #16).

17 In this second motion, plaintiff again moves for voluntary dismissal of his case, but argues that

18 he "should not be punished by the Court because of his inability to understand the workings of the

19 Law."  Plaintiff, however, is not being punished.  As explained above, the filing fee is required to

20 commence a civil action in federal court, regardless of whether the case has merit.  Thus, irrespective of

21 the reason for wanting to voluntarily dismissing a case, no plaintiff is entitled to reimbursement of the

22 filing fee.

23 The court has given plaintiff the opportunity to inform it as to whether or not he still desires to

24 dismiss his case, even though he is not entitled to reimbursement of the filing fee.  The court also

25 warned plaintiff that failure to so notify the court would result in the court recommending dismissal of

26 this case without prejudice.  Plaintiff has failed to do so.  Accordingly, the court recommends that the

27 court dismiss plaintiff's complaint without prejudice and deny his request for reimbursement of the

28 court filing fee.

REPORT AND RECOMMENDATION
Page - 2

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the court dismiss plaintiff's complaint without prejudice pursuant to Fed. R. Civ. P. 41. The undersigned also recommends that the court deny plaintiff's request for reimbursement of the court filing fee.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 20, 2005**, as noted in the caption.

DATED this 27th day of April, 2005.

_____
Karen L. Strombom
United States Magistrate Judge